IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARYA RISK MANAGEMENT SYSTEMS, PVT. LTD. and WINCAB RISK SOLUTION, LLC, | § § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 4:16-cv-03595 |
| DUFOSSAT CAPITAL PUERTO RICO, LLC, DUFOSSAT CAPITAL, LP, DUFOSSAT CAPITAL I, LLC, DUFOSSAT CAPITAL GP, LLC, and ASHTON SONIAT, | § § § § § § § | |
| Defendants | § | JURY TRIAL DEMANDED |

| | | |
|---|---|---|
| MANOJ GHAYALOD, | § § | |
| Plaintiff, | § § | |
| vs. | § § | CASE NO. 4:16-cv-03595 |
| DUFOSSAT CAPITAL PUERTO RICO, LLC and ASHTON SONIAT, | § § § | |
| Defendants and Counter-Plaintiffs, | § § | |
| vs. | § § | |
| PALLAVI GHAYALOD, | § § | |
| Counter-Defendant | § | |

**PLAINTIFFS' MOTION TO COMPEL INSPECTION AND TESTING OF EMC UNIT AND RESPONSE TO DEFENDANTS' REQUEST FOR CONFIRMATION OF RULING**

Plaintiffs Arya Risk Management System, PVT. LTD and Wincab Risk Solution, LLC file this Motion to Compel Inspection and Testing of EMC Unit and Response to defendants' Request for Confirmation of Ruling would respectfully show the Court as follows:

1

I.

Defendants have repeatedly sought relief from the Court based on the supposed damage done to the Dell EMC Unit shipped from India.  First, Defendants opposed setting the case for trial on the basis that "Rarity has encountered problems with the EMC Storage Unit."  Dkt-142 at 2.  Then defendants filed a Motion for Sanctions seeking "death penalty" sanctions on the basis that evidence on the EMC Unit was spoliated as a result of the manner in which it was shipped from India.  Despite these efforts, Defendants have sought to deny Plaintiff the right to inspect and test the unit to:

- determine if it is damaged;
- determine whether the data on the unit can be retrieved; and
- retrieve the data from the unit.

These efforts have been consistently opposed by Defendants.

II.

During the court hearing on December 18, 2018, the Court ruled that Arya should be able to inspect the EMC Unit, especially since Defendants had represented to the Court that the data on the unit was already irretrievably lost.  As the Court stated, "[b]ut it's kind of gone anyway as I understand it, right Mr. Townsend.  So there's no harm in letting them try to boot it up."  Exhibit A at 71.  Counsel for Arya indicated that Arya's technical consultant would perform the inspection at Rarity's office if possible:  "We'll do it at Rarity's office if we can."  Exhibit A at 72.

III.

Arya has now retained a technical consultant service, Data Analyzers, to retrieve the data on the EMC Unit.  Information about Data Analyzers is attached hereto as Exhibit B.  According

to Data Analyzers, retrieval of the data on the EMC Unit this simply cannot be accomplished at Rarity's offices:

> EMC uses special disk block alignments and sector sizes which by default cannot be read by a standard windows, Apple or Linux computer system. In addition EMC uses a proprietary and complicated block storage solution and file system, which are not readable via any commercial type of software or platforms.
>
> Due to the proprietary nature of the EMC product line, such a data retrieval project requires a custom in-lab recovery utilizing proprietary tools, hardware and procedures. These services cannot be performed on site at Rarity's office by Data Analyzers, nor is Data Analyzers aware of any other third party company that would be able to perform such tasks without having the hard drives from the EMC VNXe3150 in their possession.

Exhibit C at ¶¶4, 7. As a result, Arya is seeking approval to have the testing and inspection performed at Data Analyzer's lab in Florida.

IV.

Defendants have repeatedly claimed that moving the entire EMC Unit could cause additional damage. Thus, Arya is not suggesting that the unit itself be moved. Rather, its consultants have advised that the removable hard drives that are easily accessible at the back of the unit be removed. A photo depicting these removable hard drives is below:



According to Data Analyzers:

> There is a necessity to remove the hard drives which are part of the EMC VNXe3150 hardware from Rarity's premise, in order to conduct a proper investigation and recovery attempt. Data Analyzers intends to only take in to possession the EMC VNXe3150 hard drives and the two Laptop computers[1] in question. The hard drives from the EMC VNXe3150 are the drives of the hardware that contain all of the data stored on the device. These drives contain a latch, which allows for an easy, simple and non-invasive removal process. In essence the six identified hard drives are removable drives that one can slide into and out of the EMC's 12 drive slots . . .

Exhibit C at ¶8.

## V.

Given the prior damage to the EMC Unit, Arya is sensitive of the Court's concerns regarding shipment of the hard drives. As a result, it has arranged for the drives to be retrieved by Data Analyzers, at great expense, in Houston and flown to Florida in the possession of a Data Analyzers technical consultant:

> In a routine process, the hard drives are usually mailed to our lab, cushioned and protected in a shipping box with bubble wrap. Arya has requested to take an extra step of precaution by requesting Data Analyzer to send a technician in person to pick up the drives. Data Analyzers will fly to the premise of Rarity, identify the drives, remove and catalog them and place them in a secured container. All of these steps can be observed by a member of Rarity's staff. The technician dispatched by Data Analyzers will then take the secured devices in a carry-on bag onto the plane, without losing sight of the devices. Once the return flight has landed, the technician will immediately deliver the drives to the premise of Data Analyzers in Lake Mary, Florida.

Exhibit C at ¶8. The results of the data retrieval will be provided to Defendants as soon as they are completed.

## **CONCLUSION AND PRAYER**

Plaintiffs respectfully request that the Court enter an Order compelling Defendants to allow and facilitate the inspection and testing of the EMC Unit as described above.

---

[1] This Motion does not address the laptop computers.

4

Respectfully submitted,

*/s/ Eric D. Pearson*
Eric D. Pearson
State Bar No. 15690472
eric@hop-law.com
HEYGOOD, ORR & PEARSON
6363 North State Hwy 161, Suite 450
Irving, Texas 75038
(214) 237-9001 Telephone
(214) 237-9002 Facsimile

**COUNSEL FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of January, 2019, in accordance with the Tex. R. Civ. R. 21 and 21a, a true and correct copy of the foregoing instrument has been duly and properly served upon all counsel of record.

*/s/ Eric D. Pearson*
Eric D. Pearson

**CERTIFICATE OF CONFERENCE**

I hereby certify that I conferred with counsel for Defendants regarding the relief sought herein. Despite best efforts, no agreement could be reached.

*/s/ Eric D. Pearson*
Eric D. Pearson