United States District Court
Southern District of Texas
**ENTERED**
September 26, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARYA RISK MANAGEMENT SYSTEMS, PVT. LTD., et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-16-3595 |
| DUFOSSAT CAPITAL PUERTO RICO, LLC, et al., | § § § | |
| Defendants. | § | |

| | |
|---|---|
| MANOJ GHAYALOD, | § § |
| Plaintiff, | § § |
| v. | § § |
| DUFOSSAT CAPITAL PUERTO RICO, LLC and ASHTON SONIAT, | § § § |
| Defendants/ Counter-Plaintiffs, | § § § |
| v. | § § |
| PALLAVI GHAYALOD, | § § |
| Counter-Defendant. | § |

### ORDER ADOPTING MAGISTRATE JUDGE'S
### MEMORANDUM AND RECOMMENDATION

Having reviewed the Magistrate Judge's Memorandum and Recommendation (Docket Entry No. 237) dated August 22, 2019; Plaintiffs' and Counter-Defendant's Objections to Magistrate's Memorandum and Recommendation on Defendants' Motion for Sanctions

Relating to Plaintiffs' Spoliation of Evidence (Docket Entry No. 240); Plaintiff Manoj Ghayalod's Objections to Magistrate's Memorandum and Recommendation on Defendants' Motion for Sanctions Relating to Plaintiffs' Spoliation of Evidence (Docket Entry No. 241); and Defendants' Combined Response to Objections to Memorandum and Recommendation of Magistrate Judge Johnson (Docket Entry No. 242); the court concludes that the Memorandum and Recommendation should be adopted by the court. Plaintiffs' and Counter-Defendant's Motion for Leave to File Reply Brief (Docket Entry No. 243) is **DENIED**.

Pursuant to Fed. R. Civ. P. 72, the district judge must consider timely objections to a magistrate judge's order on nondispositive and dispositive matters. The court will "modify or set aside any part" of a nondispositive ruling "that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A). The court will review de novo any portions of the magistrate judge's proposed findings and recommendations on dispositive matters to which the parties have filed specific, written objections. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

Despite Plaintiffs' late filing of an objection to the magistrate judge's ruling at the spoliation hearing to exclude the testimony of proposed expert Allan Buxton, the court has reviewed that ruling and has determined it was not clearly erroneous or

contrary to law. The court agrees with the magistrate judge that the late notice to Defendants at the time of the hearing was prejudicial. Moreover, Buxton's proposed testimony was of limited value. Plaintiffs proffered that Buxton would opine that the EMC Storage Unit's information "could likely be fully recovered," an equivocal and questionable opinion since Buxton had not examined the EMC Storage Unit and had not attempted to recover the information even though the magistrate judge had granted Plaintiffs full access to the EMC Storage Unit. The court **OVERRULES** Plaintiffs' objection.

Plaintiffs also object to the magistrate judge's award of Defendants' expert and reasonable attorneys' fees. Because the court finds the award of expert and attorneys' fees are neither clearly erroneous nor contrary to law, Plaintiffs' objection is **OVERRULED**. Defendants' application for fees must be filed by October 11, 2019, and must include a compilation of hourly billing on a daily basis and a description of time spent.

The court affirms the magistrate judge's findings that Plaintiffs had a duty to preserve information, including the log files on the EMC Storage Unit and the files on the laptops, and that Plaintiffs deliberately violated that duty. The court affirms the magistrate judge's finding that Plaintiffs Arya Risk Management Systems, Pvt. Ltd. and Pallavi Ghayalod's spoliation of the EMC Storage Unit was intentional based on the magistrate judge's

credibility findings and other evidence in the record establishing that their actions obstructed the judicial process. The court also affirms the magistrate judge's finding that Manoj Ghayalod intentionally deleted the four laptop computers' hard drives for the purpose of depriving Defendants of the information stored thereon.

Based on the hearing testimony and other evidence submitted by the parties, the magistrate judge found Plaintiffs' actions were egregious and that no lesser sanctions would deter their bad conduct. These findings are supported by the record evidence and Plaintiffs' course of conduct before and during this litigation. The magistrate judge was also within her discretion in weighing the evidence and concluding that Plaintiffs acted in bad faith. The Memorandum and Recommendation implicitly found that Pallavi and Manoj Ghayalod acted in concert with regard to obstruction of the discovery process. The court affirms this finding because it is supported by the evidence.

As explained in detail at page 21 of the Memorandum and Recommendation, Plaintiffs' spoliation of the evidence found by the magistrate judge severely prejudiced Defendants. The court agrees that severe sanctions are warranted on the causes of action and defenses identified at pages 22-23 of the Memorandum and Recommendation. The magistrate judge did not err in not addressing the causes of action on an element-by-element basis.

Plaintiffs' objections to the magistrate judge's rulings are **OVERRULED**, and the Memorandum and Recommendation is **ADOPTED** by the court.

The court also **ADOPTS** the magistrate judge's recommendation that all pending motions, dispositive and non-dispositive, be denied. It is therefore **ORDERED** that the following motions are **DENIED WITHOUT PREJUDICE**: Defendants' Motion for Partial Summary Judgment on Manoj Ghayalod's Declaratory Judgment Claim (Docket Entry No. 175); Defendants' Motion for Partial Summary Judgment on Plaintiffs' Quant Contract Claims (Docket Entry No. 176); Defendants' Motion to Dismiss for Failure to Join a Required Party (Docket Entry No. 177); Defendants' Motion for Partial Summary Judgment on Manoj Ghayalod's Breach of Contract Claims (Docket Entry No. 178); Defendants' Motion for Partial Summary Judgment on Breach of Fiduciary Duty Claims Asserted Against Counter-Defendants (Docket Entry No. 180); Defendants' Motion to Strike Expert Testimony of Vikas Patel (Docket Entry No. 181); Defendants' Motion to Strike Expert Testimony of Chris Johnson (Docket Entry No. 182); Defendants' [Corrected] Motion to Strike Expert Testimony of Chris Johnson (Docket Entry No. 183); Plaintiffs' Motion to Strike Portions of the Expert Report of Joseph McAlexander, III as Untimely (Docket Entry No. 184); Plaintiffs' Motion for Partial Summary Judgment on Work for Hire (Docket Entry No. 185); Plaintiffs' Motion for Partial Summary Judgment on Defendants'

Affirmative Defenses (Docket Entry No. 186); Arya's Motion for Partial Summary Judgment on Defendants' Damage Claims (Docket Entry No. 187); Plaintiffs' Motion to Exclude Portions of Defendants' Expert's Opinions Regarding "Work Made for Hire" Issues (Docket Entry No. 188); Plaintiff Manoj Ghayalod's Motion for Partial Summary Judgment (Docket Entry No. 189); Defendants' Motion to Strike Expert Testimony of Aaron Scow (Docket Entry No. 190); and Defendants' Motion to Strike Expert Testimony of Andrew Von Marin Rapp (Docket Entry No. 209).

It is further **ORDERED** that the parties mediate this case by November 1, 2019. If the parties cannot agree on a mediator, they shall each file with the court by October 1, 2019, the names of three proposed mediators, and the court will choose a mediator.

**SIGNED** at Houston, Texas, this 26th day of September, 2019.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE