United States District Court
Southern District of Texas

**ENTERED**

February 07, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ARYA RISK MANAGEMENT SYSTEMS,        §
PVT. LTD., and WINCAB RISK           §
SOLUTION, LLC,                       §
                                     §
        Plaintiffs,                  §
                                     §
v.                                   §   CIVIL ACTION NO. H-16-3595
                                     §
DUFOSSAT CAPITAL PUERTO RICO,        §
LLC, DUFOSSAT CAPITAL, LP,           §
DUFOSSAT CAPITAL I, LLC,             §
DUFOSSAT CAPITAL GP, LLC,            §
and ASHTON SONIAT,                   §
                                     §
        Defendants.                  §

## MEMORANDUM OPINION AND ORDER

Pending before the court are Defendants' Motion to Reconsider
the Court's December 30, 2021, Memorandum, Opinion and Order
("Defendants' Motion to Reconsider") (Docket Entry No. 377), and
letters describing the parties' inability to agree on how to
prepare the Joint Pretrial Order.[1]  Citing Federal Rule of Civil
Procedure 59(e), Defendants argue that the pending Motion to
Reconsider "addresses errors of law and fact that must be corrected
to prevent manifest injustice."[2]  The Motion to Reconsider asks the
court to

(1) permit Defendants to file a Motion for Summary

---

[1]See Docket Entry Nos. 379, 381, and 382.

[2]Defendants' Motion to Reconsider, Docket Entry No. 377,
p. 8.  Page numbers for docket entries refer to the pagination
inserted at the top of the page by the court's electronic filing
system.

Judgment against Plaintiffs; (2) reinstate Defendants'
misappropriation of trade secrets under TUTSA [Texas
Uniform Trade Secrets Act] or, in the alternative, to
allow Defendants' to submit evidence of Plaintiff's
misappropriation of trade secrets in defending
Plaintiffs' breach of contract claims against them;
(3) reinstate Defendants' breach of fiduciary [duty]
claims against Manoj and Pallavi; (4) reinstate
Defendants' theft and damage to the EMC, claims;
(5) revise its Order to find that Defendants did in fact
request injunctive relief; and (6) enter any other
appropriate orders.[3]

For the reasons stated below, the court will grant Defendants'
request to file a motion for summary judgment, and amend the
Factual Background section of the December 30, 2021, Memorandum
Opinion and Order to reflect the existence of a dispute over the
amount that Dufossat agreed to pay Arya for trade recommendations.
In all other respects Defendants' Motion to Reconsider will be
denied.   The Order to file a Joint Pretrial Order and conduct
Docket Call will be vacated.

## I. <u>Standard of Review</u>

"[T]he Federal Rules of Civil Procedure do not recognize a
general motion for reconsideration," <u>St. Paul Mercury Insurance
Company v. Fair Grounds Corporation</u>, 123 F.3d 336, 339 (5th Cir.
1997).   In this circuit

[a] motion asking the court to reconsider a prior ruling
is evaluated either as a motion to "alter or amend a
judgment" under Rule 59(e) or as a motion for "relief
from a final judgment, order, or proceeding" under

---

[3]<u>Id.</u> at 29.

> Rule 60(b). The rule under which the motion is
> considered is based on when the motion was filed. <u>Texas
> A&M Research Foundation v. Magna Transportation, Inc.</u>,
> 338 F.3d 394, 400 (5th Cir. 2003). If the motion was
> filed within twenty-eight days after the entry of the
> judgment, the motion is treated as though it was filed
> under Rule 59, and if it was filed outside of that time,
> it is analyzed under Rule 60.

<u>Demahy v. Schwarz Pharma, Inc.</u>, 702 F.3d 177, 182 n.2 (5th Cir.

2012) (per curiam), <u>cert. denied</u>, 134 S. Ct. 57 (2013). The

Memorandum Opinion and Order from which Defendants seek relief was

entered on December 30, 2021. Defendants filed the pending Motion

to Reconsider twenty-eight days later on January 27, 2022.

Accordingly, Rule 59(e) provides the appropriate standard of

review.

"Rule 59(e) serves the narrow purpose of allowing a party to

correct manifest errors of law or fact or to present newly

discovered evidence." <u>Templet v. HydroChem, Inc.</u>, 367 F.3d 473,

479 (5th Cir.), <u>cert. denied sub nom. Irvin v. Hydrochem, Inc.</u>, 125

S. Ct. 411 (2004). A manifest error of law is an error "that 'is

plain and indisputable, and that amounts to a complete disregard of

the controlling law.'" <u>Guy v. Crown Equipment Corp.</u>, 394 F.3d 320,

325 (5th Cir. 2004) (quoting <u>Venegas-Hernandez v. Sonolux Records</u>,

370 F.3d 183, 195 (1st Cir. 2004) (quoting <u>Black's Law Dictionary</u>

563 (7th ed. 1999)). A manifest error of fact "is an obvious

mistake or departure from the truth." <u>Bank One, Texas, N.A. v.</u>

<u>Federal Deposit Insurance Corp.</u>, 16 F.Supp.2d 698, 713 (N.D. Tex.

1998). Rule 59(e) "gives a district court the chance 'to rectify

its own mistakes in the period immediately following' its decision." Banister v. Davis, 140 S. Ct. 1698, 1703 (2020) (quoting White v. New Hampshire Department of Employment Security, 102 S. Ct. 1162, 1166 (1982)). To prevail on a Rule 59(e) motion, the movant must show either: (1) a manifest error of law or fact; (2) an intervening change in controlling law; or (3) the availability of new evidence not previously available. See Schiller v. Physicians Resource Group, Inc., 342 F.3d 563, 567 (5th Cir. 2003). "A Rule 59(e) motion 'calls into question the correctness of a judgment'" and "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Templet, 367 F.3d at 478-79.

Relief under Rule 59(e) is an "extraordinary remedy that should be used sparingly." Id. at 479. Courts considering motions to reconsider are duty-bound to "strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." Edward H. Bohlin Co., Inc. v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir. 1993). When additional evidence is submitted courts consider

> the reasons for the moving party's default, the importance of the omitted evidence to the moving party's case, whether the evidence was available . . . before [the party] responded to the summary judgment motion, and the likelihood that the nonmoving party will suffer unfair prejudice if the case is reopened.

Lavespere v. Niagara Machine & Tool Works, Inc., 910 F.2d 167, 174

(5th Cir. 1990), <u>abrogated on other grounds by Little v. Liquid Air</u> <u>Corp.,</u> 37 F.3d 1069, 1075 n. 14 (5th Cir. 1994)(en banc).  "[A]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." <u>Templet,</u> 367 F.3d at 479.

## II. <u>Analysis</u>

The Motion to Reconsider states that

- Defendants request the Court to reconsider its denial of Defendants' motion for leave to file a motion for summary judgment against Plaintiffs' claims;

- Defendants [r]equest the Court to Correct a Misstatement of Fact regarding Compensation Agreement;

- The Order [f]ailed to [a]ddress [c]ertain of Defendants' [f]iduciary [d]uty [c]laims against Plaintiffs'

- The Order incorrectly requires evidence of actual damages for breach of fiduciary duty related to the "follow book" trades; [and]

- Defendants have shown sufficient evidence of damages.[4]

## A.   **Defendants May File a Motion for Summary Judgment**

Asserting that "[i]t is manifestly unjust for the Court to permit Plaintiffs to file a summary judgment motion 'on any dispositive issues' after the Court's motions deadline, but to deny

---

[4]<u>Id.</u> at p. 8.

Defendants the same opportunity,"[5] Defendants ask the court "for leave to file a motion for summary judgment against Plaintiffs' claims."[6]  The procedural history of this case shows that although Defendants filed motions for partial summary judgment, the motions were summarily denied without prejudice.[7]  At the Docket Call held on July 9, 2021, the court allowed Plaintiffs to file a motion a motion for summary judgment,[8] which has narrowed the issues for trial.  Defendants have cogently argued that allowing them to file a comparable motion for summary judgment might similarly narrow the issues for trial.[9]  The court is therefore persuaded that Defendants should be accorded the same opportunity as Plaintiffs to file a motion for summary judgment.  Defendants may file a motion for summary judgment not to exceed twenty-five pages by February 28, 2022.  Plaintiffs may respond by March 21, 2022, and Defendants may reply by April 4, 2022.  The Order to file a Joint Pretrial Order will be vacated, and Docket Call will be cancelled until further notice.

---

[5]Id. at 9.

[6]Id.

[7]See Order Adopting Magistrate Judge's Memorandum and Recommendation, Docket Entry No. 247, p. 5.

[8]Docket Call Transcript, Docket Entry No. 367, pp. 20:15-21:17, and 39:10-11.

[9]Motion to Reconsider, Docket Entry No. 377, pp. 9-13.

**B.    The Memorandum Opinion and Order Will Be Revised to Reflect the Existence of a Dispute over the Amount that Dufossat Agreed to Pay for Arya Quant Trade Recommendations**

Asserting that "[i]n its recitation of the relevant Factual Background, the Order incorrectly states that 'the parties entered into an agreement whereby the Arya Quants provided trade recommendations in exchange for Dufossat's payment of thirty percent of all profits made on those trades,"[10] Defendants argue that "[t]his is incorrect, and Defendants denied the allegation in its pleadings.  The parties entered into an agreement but dispute the specific compensation terms."[11]  Because review of the parties' pleadings and the Joint Pretrial Order filed on July 2, 2021, shows that the  the compensation terms to which the parties agreed are in dispute,[12] the December 30, 2021, Memorandum Opinion and Order is hereby revised to strike the first full sentence on p. 6 and to replace it with the following:

> The parties entered an agreement whereby the Arya Quants
> provided trade recommendations in exchange for payment
> from Dufossat.  Plaintiffs allege that Dufossat agreed to
> pay Arya thirty percent of all profits made on the
> recommended   trades,   but   Dufossat   disputes   that
> allegation.

---

[10]Id. at 14 (quoting December 30, 2021, Memorandum Opinion and Order, Docket Entry No. 372, p. 6).

[11]Id. (citing Defendants' Original Answer to Plaintiffs' Second Amended Complaint, Docket Entry No. 27, p. 4 ¶ 18).

[12]See Joint Pretrial Order, Docket Entry No. 346, p. 12 ¶ 15 ("Defendants entered into an agreement with Arya whereby Arya agreed to provide recommended UTC trades formulated through quantitative analysis of market information ("Quant Services"). The parties dispute the terms of this agreement.").

**C. Defendants Have Not Shown that the Court Failed to Address Certain of Defendants' Fiduciary Duty Claims, or that Any Such Failure Constitutes a Manifest Error of Law or Fact**

Asserting that "[t]he Court dismissed several of Defendants' claims for breach of fiduciary duty and/or knowing participation in the breach of fiduciary duty on the basis that such claims were based upon converting, misappropriating, and using Dufossat's confidential information,"[13] Defendants argue that "[i]n doing so the Court fails to address the alleged multiple incidents of breach of fiduciary duty that did not involve confidential or trade secret information."[14] Asserting that "[a] common law claim is not preempted by TUTSA if it addresses harm separate from the trade secret misappropriation,"[15] Defendants argue that they "have pled multiple grounds upon which relief for breach of fiduciary duty may be granted, without the need to mention or adduce any evidence concerning trade[] secret[s], confidential information, or Trader App."[16] In support of this argument, Defendants cite factual allegations made in Dufossat Capital Puerto Rico, LLC's First Amended Counterclaim Against Manoj Ghayalod,[17] filed on July 5,

---

[13]Defendants' Motion to Reconsider, Docket Entry No. 377, p. 14.

[14]Id.

[15]Id.

[16]Id.

[17]See Exhibit H-4 to Counter Defendants' Notice of Removal,
(continued...)

2017, in a state court action that was removed to this court (Civil Action 17-3553), and consolidated with this action on November 29, 2017.[18]

Neither Defendants' briefing on their motion for summary judgment nor the court's December 30, 2021, Memorandum Opinion and Order, cite the state court pleading on which Defendants now rely. Instead, both Defendants' summary judgment briefing and the court's Memorandum Opinion and Order relied on the substantially similar pleading subsequently filed in the state court action on October 31, 2017, Dufossat Capital Puerto Rico, LLC's Original Petition Against Pallavi Ghayalod, which names as parties and asserts causes of action against both Manoj and Pallavi,[19] and on Dufossat Capital Puerto Rico, LLC's First Amended Counterclaim filed in this action (Docket Entry No. 28).  Defendants' reliance on a pleading that appears to have been superceded and was not cited in their summary judgment briefing provides no basis for reconsideration.  Moreover, Defendants urge arguments that were raised or could have been raised in response to Plaintiff's MSJ.

In addition Defendants' argument ignores the fact that the

_____

[17](...continued)
Docket Entry No. 1-10, pp. 72-101, in Civil Action H-17-3553.

[18]See Order Granting Counter-Defendant's Unopposed Motion to Consolidate, Docket Entry No. 77.

[19]Exhibit H-4 to Counter Defendants' Notice of Removal, Docket Entry No. 1-10, pp. 102-130, in Civil Action H-17-3553. See also Exhibit F to Counter Defendants' Notice of Removal, Docket Entry No. 1-8 filed in Civil Action H-17-3553 (same).

court's grant of summary judgment on their breach of fiduciary duty counterclaims was not based solely on preemption by TUTSA.  To the contrary, the Memorandum Opinion and Order stated that "Dufossat's claim for breach of fiduciary duty is not preempted to the extent that it is based on allegations that 'Manoj neglected his duties related to the Follow Book which resulted in losses to Dufossat.'"[20] The court granted summary judgment on the breach of fiduciary duty claim based on Manoj's alleged neglect of his duties that resulted in loss to Dufossat because Defendants failed to cite evidence from which a reasonable jury could conclude that Manoj's alleged neglect of his duties resulted in a loss to Dufossat.[21]

---

[20]Memorandum Opinion and Order, Docket Entry No. 372, p. 23 (quoting Dufossat Capital Puerto Rico, LLC's Original Petition Against Pallavi Ghayalod, Exhibit F to Counter Defendants' Notice of Removal, Docket Entry No. 1-8 filed in Civil Action H-17-3553, p. 19 ¶ 58). See also Exhibit H-4 to Counter Defendants' Notice of Removal, Docket Entry No. 1-10 in Civil Action H-17-3553, p. 119 ¶ 58 (same).

[21]Id. at 35 (citing Belliveau v. Barco, Inc., 987 F.3d 122, 132 & n. 9 (5th Cir. 2021) (quoting Jones v. Blume, 196 S.W.3d 440, 447 (Tex. App. — Dallas 2006, pet. denied) (injury to plaintiff or benefit to defendant is an essential element of breach of fiduciary duty under Texas law)); p. 43 (discussing Defendants' failure to provide evidence contradicting Manoj's testimony that a trade that resulted in $800,000.00 was not too risky); p. 45 ("Defendants have also failed to offer evidence capable of establishing the basic building blocks of any damage model, whether that be injuries or losses incurred by Defendants or benefits or profits earned by Plaintiffs."); 46-47 ("Defendants have failed to cite evidence capable of raising genuine issues of material fact for trial as to the fact that Defendants suffered damages related to any of the counterclaims asserted in this action, or, if so, in what amount.").

**D.    Defendants Have Not Shown that the Court Incorrectly Required Evidence of Actual Damages for Breach of Fiduciary Duty Claims**

Asserting that "[t]he Order incorrectly dismissed the only factual allegation it concluded was not preempted by TUTSA (the breach of fiduciary duty related to the "follow book" trades) on grounds that Defendants did not show sufficient evidence of actual damages,"[22] Defendants argue that "[p]roof of actual damages . . . is not required in a breach of fiduciary duty case when equitable relief, such as disgorgement in the form of fee forfeiture or return of compensation, is pled."[23]    Asserting that they "specifically pled the equitable relief of 'disgorgement of all money Manoj and Pallavi received based upon their wrongful acts,'"[24] and that "in their Prayer, Defendants also plead equitable relief seeking 'all such other and further relief, both general and special, at law and in equity, to which it may show themselves

---

[22]Defendants' Motion to Reconsider, Docket Entry No. 377, p. 18 (citing Memorandum Opinion and Order, Docket Entry No. 372, p. 44).

[23]Id.

[24]Id. (quoting Dufossat Capital Puerto Rico, LLC's Original Petition Against Pallavi Ghayalod, Exhibit F to Counter Defendants' Notice of Removal, Docket Entry No. 1-8 filed in Civil Action H-17-3553, p. 20 ¶ 59 ("Manoj and Pallavi's breach benefited [sic] them at the expense of Dufossat.  They received monetary and other benefits, and Dufossat was injured by the same amounts.").  See also Exhibit H-4 to Counter Defendants' Notice of Removal, Docket Entry No. 1-10 in Civil Action H-17-3553, p. 120 ¶ 59 (same).

justly entitled,'"[25] Defendants argue that "[t]he Order incorrectly requires evidence of actual damages for breach of fiduciary duty."[26]

Defendants arguments reflect that they seek relief in the form of money, i.e., "disgorgement of all money Manoj and Pallavi received based upon their wrongful acts,"[27] for the alleged breach of fiduciary duty claims asserted against Manoj and Pallavi. The court granted summary judgment against Defendants on the breach of fiduciary duty claims asserted against Manoj and Pallavi, in part, because Defendants failed to cite evidence capable of proving the allegations in their pleadings that Manoj and Pallavi received money based upon their wrongful acts. Defendants' Motion to Reconsider fails to cite any new evidence capable of establishing that Manoj and Pallavi received any money based upon their wrongful acts to disgorge.

Moreover, the court's grant of summary judgment on Defendants' breach of fiduciary duty claims against Manoj and Pallavi were not based solely on Defendants' failure to cite evidence capable of establishing benefit to Manoj or Pallavi or injury to Defendants.

---

[25]Id. (quoting Dufossat Capital Puerto Rico, LLC's First Amended Counterclaim, Docket Entry No. 28, p. 18 ¶ (f); and citing Dufossat Capital Puerto Rico, LLC's Original Petition Against Pallavi Ghayalod, Exhibit H-4 to Counter Defendants' Notice of Removal, Docket Entry No. 1-10 in Civil Action H-17-3553, p. 120 ¶ 59 ("Manoj and Pallavi's breach benefited [sic] them at the expense of Dufossat. They received monetary and other benefits, and Dufossat was injured by the same amounts.")).

[26]Id.

[27]Id.

The court's grant of summary judgment against Defendants on the breach of fiduciary duty claims asserted against Manoj that were not preempted by TUTSA was also based on Defendants' failure to cite evidence capable of establishing that Manoj breached his fiduciary duties to Defendants or that any breach benefitted Manoj or injured Defendants.[28]  And the court's grant of summary judgment against Defendants on the breach of fiduciary duty claim against Pallavi was also based on Defendants' failure to cite evidence capable of establishing that Pallavi owed Defendants a fiduciary duty.[29]  Defendants do not dispute the court's conclusion that they failed to cite evidence capable of establishing that Pallavi owed them a fiduciary duty.  Instead, Defendants argue that she is liable for knowingly participating in Manoj's breach of fiduciary duty.  But the court considered and rejected essentially the same argument in the December 30, 2021, Memorandum Opinion and Order.[30]  Accordingly, the court concludes that Defendants have failed to show that the court incorrectly required evidence of actual damages for the breach of fiduciary duty claims asserted against Manoj and Pallavi or that those claims should be reinstated.

---

[28]Memorandum Opinion and Order, Docket Entry No. 372, pp. 43-47.

[29]Id. at 50-54.

[30]Id. at 54.

**E.    Defendants Have Not Shown that They Presented Sufficient Evidence of Damages to Preclude Summary Judgment**

Asserting that they have submitted sufficient evidence of damages to avoid summary judgment, Defendants argue that (1) "[t]he Court incorrectly states that Defendants have not sought injunctive relief;"[31] (2) "[t]he evidence submitted by Defendants is sufficient to survive summary judgment;"[32] (3) "[t]he Court failed to consider damages to the Dell EMC server,"[33] and (4) "the Court's order nullifies it sanctions order."[34]

1.    Defendants Are Not Seeking Injunctive Relief

Asserting "[t]he Order states that, '[b]ecause Defendants seek damages but not injunctive relief, they must cite evidence capable of raising a genuine issue of material fact in order to defeat Plaintiffs' MSJ on their claims for misappropriation of trade secrets,'"[35] Defendants argue that

> [t]his is incorrect, as Defendants did seek injunctive relief in this case.  On December 11, 2019, Defendants filed an Application for Injunctive Relief and Request to Impound the Infringing Software and All Records that

---

[31]Defendants' Motion to Reconsider, Docket Entry No. 377, p. 18.

[32]Id. at 19.

[33]Id. at 25.

[34]Id. at 26.

[35]Id. at 18-19 (quoting Memorandum Opinion and Order, Docket Entry No. 372, p. 36).

Document the Manufacture, Marketing and Sale of the Infringing Software ("Request for Injunctive Relief") [Docket Entry No. 261]. On June 25, 2020, Magistrate Judge Nancy Johnson denied the Request for Injunctive Relief, but only on the basis that is was premature, finding:

> Before entering a default judgment, the court must determine the amount of damages. Cf. Fed. R. Civ. P. 55(b)(2). **At a hearing on damages, the court also may determine whether injunctive relief is an appropriate remedy and whether any claim should be severed for entry of final judgment. Therefore the request for injunctive relief appears to be premature [Docket Entry No. 277, p. 4].**

The court has not yet held a hearing on damages an on whether Defendants' request for injunctive relief is an appropriate remedy. Defendants thus request the Court to reconsider its finding that Defendants did not seek injunctive relief. Defendants further request the Court schedule the promised hearing on damages and injunctive relief, as set forth in Magistrate Judge Johnson's ruling denying Defendants' injunctive relief as premature. [Dkt. #277]. Additionally, should the Court determine at this hearing that the requested injunctive relief is an appropriate remedy, Defendants request an opportunity to amend their pleadings to incorporate their previously requested injunctive relief.[36]

In a footnote Defendants assert that

> [c]ontemporaneous to this motion for reconsideration, Defendants have filed a motion for leave to amend its complaint for the narrow purpose of including a plea for injunctive relief to reflect the injunctive relief they requested on December 11, 2019, and they have requested as equitable relief in their pleadings should the Court deem these requests insufficient. Also note that Plaintiffs requested entry of injunctive relief against them in Dkt. 270.[37]

---

[36] Id. at 19.

[37] Id. n. 53.

15

Although Defendants correctly state that on December 11, 2019, they filed a Request for Injunctive Relief (Docket Entry No. 261), Defendants fail to acknowledge that request was stricken on June 25, 2020.[38]  Defendants fail to cite, and the court has not found, any live pleading in which Defendants seek injunctive relief.[39] Despite Defendants' assertion that "[c]ontemporaneous to this motion for reconsideration, Defendants have filed a motion for leave to amend its complaint for the narrow purpose of including a plea for injunctive relief to reflect the injunctive relief they requested on December 11, 2019,"[40] Defendants have not filed any such motion; nor is the court likely to grant one at this late date.  Accordingly, the court is not persuaded that the Memorandum Opinion and Order should be revised to state that Defendants are seeking injunctive relief.

---

[38]Order, Docket Entry No. 277, p. 2.

[39]The December 30, 2021, Memorandum Opinion and Order, Docket Entry No. 372, p. 9 nn. 28-29, identified two live pleadings in which Defendants assert counterclaims for which Plaintiffs sought summer judgment: Dufossat's First Amended Counterclaim, Docket Entry No. 28, (asserting counterclaims against Arya and Wincab Risk Solution, LLC); and Dufossat Capital Puerto Rico, LLC's Original Petition Against Pallavi Ghayalod, filed on October 31, 2017, in the 284th Judicial District Court in Montgomery County, Texas, Cause No. 16-03-03657, Exhibits F and H-4 to Counter Defendants' Notice of Removal, Docket Entry No. 1-8 and Docket Entry No. 1-10, pp. 102-30, in Civil Action No. H-17-3553 (asserting counterclaims against Manoj and Pallavi).  See also Defendants' Original Answer to Plaintiffs' Second Amended Complaint, Docket Entry No. 27; and Defendants Dufossat Capital Puerto Rico, LLC and Ashton Soniat's First Amended Answer to Plaintiff's Original Petition filed in the Montgomery County action, Exhibit H-4 to Counter Defendants' Notice of Removal, Docket Entry No. 1-10, pp. 54-57, in Civil Action H017-3553.

[40]Motion to Reconsider, Docket Entry No. 377, p. 19 n. 53.

> 2. <u>Defendants Have Not Cited Evidence of Damages Sufficient to Preclude Summary Judgment</u>

Asserting that they "have produced sufficient evidence of damages caused by Plaintiffs and Manoj in this record,"[41] Defendants argue that

> this evidence includes, but is not limited to the following:
>
> a. The Marketing Presentation demonstrating the "book value" of the software and the profit and loss from the software.[42]
>
>                         . . .
>
> b. Dufossat's balance sheets show the value of the software.[43]
>
>                         . . .
>
> c. Manoj's testimony regarding a one-day trading loss of over $800,000.00.[44]

Defendants made these same arguments in response to the Plaintiff's motion for summary judgment, and the court considered and rejected each of them in the December 30, 2021, Memorandum Opinion and Order.[45] Defendants have neither cited new evidence or law, nor shown that the court's rejection of their arguments

---

[41]<u>Id.</u> at 19-20.

[42]<u>Id.</u> at 21.

[43]<u>Id.</u> at 24.

[44]<u>Id.</u>

[45]Memorandum Opinion and Order, Docket Entry No. 372, pp. 37-43.

17

constitutes manifest error of law or fact.  Accordingly, the court is not persuaded to alter its conclusion that defendants have not cited evidence of damages sufficient to preclude summary judgment, that the failure to alter the conclusions stated in the December 30, 2021, Memorandum Opinion and Order constitute manifest errors or law or fact, or that any of Defendants' counterclaims should be reinstated for this reason.

3.    <u>The Court Did Not Erroneously Fail to Consider Damages to the Dell EMC server</u>

Asserting that they "have explicitly pled for statutory damages under the Texas Theft Liability Act ['TTLA']," and that they "are entitled to additional statutory damages of up to $1,000.00 for this violation,"[46] Defendants argue that the court failed to consider damages to the Dell EMC server caused by Plaintiffs' conduct.  Defendants fail to cite, and the court has not found, any pleading in which Defendants allege violation of the TTLA based on damages to the Dell EMC server.[47]  Moreover, in

_____

[46]Motion to Reconsider, Docket Entry No. 377, p. 25.

[47]<u>See</u> TTLA claims asserted against Manoj and Pallavi in Dufossat Capital Puerto Rico, LLC's Original Petition Against Pallavi Ghayalod, Exhibit F to Counter Defendants' Notice of Removal, Docket Entry No. 1-8 filed in Civil Action H-17-3553, pp. 22-23 ¶¶ 69-73; and Exhibit H-4 to Counter Defendants' Notice of Removal, Docket Entry No. 1-10 in Civil Action No. H-17-3553, pp. 122-23 ¶¶ 69-73.  <u>See also</u> Dufossat Capital Puerto Rico, LLC's First Amended Counterclaim Against Manoj Ghayalod, Exhibit H-4 to Counter Defendants' Notice of Removal, Docket Entry No. 1-
(continued...)

response to Plaintiff's motion for summary judgment on damages,
Defendants did not argue either that are entitled to statutory
damages under the TTLA, or that such entitlement precluded the
court from granting Plaintiff's motion for summary judgment.
Accordingly, the court is not persuaded that the December 30, 2021,
Memorandum Opinion and Order failed to consider damages to the Dell
EMC server, that any failure to do so constitutes manifest error of
law or fact, or that any of Defendants' counterclaims should be
reinstated for this reason.


    4.   <u>The Court's Order Does Not Nullify its Sanctions Order</u>

Asserting that "Plaintiffs egregiously destroyed evidence
(including of damages), severely prejudicing Defendants and
prompting this Court to impose sanctions,"[48] Defendants argue that
"[t]his Court's grant of summary judgment against Defendants'
claims on the basis of insufficient evidence of damages, especially
in light of their already sanctioned conduct, effectively nullifies
the Court's sanctions order against Plaintiffs and Pallavi."[49]
Defendants made essentially the same argument in response to the
Plaintiffs' motion for summary judgment, and the court considered

---

    [47](...continued)
10 in Civil Action No. H-17-3553, pp. 93-94 ¶¶ 68-72.

    [48]Motion to Reconsider, Docket Entry No. 377, p. 26.

    [49]<u>Id.</u> at 26.  <u>See also id.</u> at 29.

and rejected it in the December 30, 2021, Memorandum Opinion and Order.[50]  Defendants have neither cited new evidence or new law, nor shown that the court's rejection of this argument constitutes a manifest error of law or fact.  Accordingly, the court is not persuaded that the December 30, 2021, Memorandum Opinion and Order nullifies the sanctions order previously entered in this case, or that any of Defendants' counterclaims should be reinstated for this reason.

## III. **Disputes Over Preparation of the Joint Pretrial Order**

If the court fails to reinstate their counterclaims for misappropriation of trade secrets, Defendants argue that they should be able to submit evidence of Plaintiff's misappropriation of trade secrets in defense of the breach of contract claims that Plaintiffs have asserted against them.[51]  Defendants have not cited any law or facts in support of this argument.  The parties have however shared with the court correspondence between counsel showing that disputes over this and other issues have hindered the parties' ability to draft a Joint Pretrial Order.[52]  Because the court has decided to grant Defendants' request for leave to file a motion for summary judgment, and to vacate the order to file a

---

[50]Memorandum Opinion and Order, Docket Entry No. 372, pp. 31-34.

[51]Motion to Reconsider, Docket Entry No. 377, p. 29.

[52]See Docket Entry Nos. 379, 381, and 382.

Joint Pretrial Order, see § II.A, above, the current disputes over how to draft the Joint Pretrial Order are moot.  Nevertheless, the parties' correspondence reflects that counsel have not made a good faith effort to resolve their disagreements about the Joint Pretrial Order.  Because of the need to protect jurors and other trial participants from Covid-19 exposure, the court has very limited ability to hold jury trials.  Many cases are awaiting one of the limited openings for jury selection.  If the parties continue to demonstrate an inability to work together in good faith to prepare the case for trial, the court will use its judicial and jury resources to try other cases.


### IV.   Conclusions and Order

For the reasons stated in § II.A, above, Defendants may file a motion for summary judgment not to exceed twenty-five pages in length by February 28, 2022.  Defendants' request for summary judgment on any particular cause of action should identify the live pleading in which the cause of action is asserted, and the Answer thereto.  Plaintiffs may respond by March 21, 2022, and Defendants may reply by April 4, 2022.

For the reasons stated in § II.B, above, the December 30, 2021, Memorandum Opinion and Order will be revised to strike the first full sentence on p. 6 and to replace it with the following:

> The parties entered an agreement whereby the Arya Quants provided trade recommendations in exchange for payment

21

from Dufossat.  Plaintiffs allege that Dufossat agreed to pay Arya thirty percent of all profits made on the recommended trades, but Dufossat disputes that allegation.

For the reasons stated in § II.C through II.E, above, the court concludes that Defendants are not entitled to any further relief from the December 30, 2021, Memorandum Opinion and Order.

For the reasons stated in § III, above, all requests made in the correspondence from counsel, Docket Entry Nos. 379, 381, and 382, are **MOOT**.

Accordingly, Defendants' Motion to Reconsider the Court's December 30, 2021, Memorandum, Opinion and Order, Docket Entry No. 377, is **GRANTED in PART and DENIED in PART**.

The Order to file a Joint Pretrial Order by February 9, 2022, and to appear for Docket Call on February 18, 2022 (Docket Entry No. 380), is **VACATED**.

**SIGNED** at Houston, Texas, on this the 7th day of February, 2022.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE